No. 2937. WALLACE *v.* COLUMBIA &C. RAILROAD COMPANY. April Term, 1892. This was a motion to dismiss an appeal on grounds which sufficiently appear in the oral rulings of the Chief Justice. *Ragsdale & Ragsdale*, for the motion. *B. L. Abney*, contra.

THE CHIEF JUSTICE said:

There are, substantially, four grounds upon which the respondent relies, viz. :

1st. Defect in the return filed in this court. As to this objection, the court is bound by the record on file. It is alleged that there is no copy of the summons inserted therein. We find, from an inspection of the record, that this is a mistake.

2d. That no due notice of appeal was filed. It appears that the defendant served a notice of intention to appeal within ten days after the rising of the court from the judgment to be entered on the verdict. Counsel for respondent urge that an appeal cannot be taken from anything but *final judgment;* but it does not follow that there cannot be a notice of intention to appeal from such judgment before it is entered up. If it should happen that no final judgment is ever entered, of course, there would be no necessity for appeal. If the appellant should desire to prosecute his appeal, he has a right to have the judgment entered up himself. See *Johnson* v. *Henegan*, 11 S. C., 93. The statute requires that notice of intention to appeal. shall be given within ten days from the rising of the court. This requirement of the statute is explicit. Now, as judgment cannot be entered until after the expiration of five days from the rising of the court, without special leave of the court, if judgment should be entered on the fifth day, the time allowed by the statute within which notice of intention to appeal must be given, would be practically reduced to five days, if such notice cannot be given until after entry of judgment. This certainly could not have been the intention of the legislature, and we do not think it is necessary for the appellant to wait until after judgment is actually entered to give his notice of intention to appeal.

3d. As to so much of this objection as relates to the appeal

from the interlocutory order, it is only necessary to say that this is disposed of by the agreement between counsel, in which it was expressly stipulated that the appeal from the interlocutory order should await the appeal from the final judgment. Besides, this whole subject has been so elaborately considered in the case of *McCrady* v. *Jones*, *ante* 174, that we do not deem it necessary to consider it further.

4th. That the "Case" was not served on respondent, as the rule of court requires, in that the "Case" furnished respondent is not the "Case" as settled by the Circuit Judge. It appears that the testimony was not incorporated in the "Case" served, but only a statement that it should be inserted at its appropriate place. The appellant applied to the stenographer for the same, but it was not furnished, owing to the engagements of the stenographer on the Circuit. It does not appear that any one was in default. This ground may be a good one upon which to base a motion to recommit the case for further settlement, but no such motion has been made. It is not a ground for dismissal of the appeal.

Thereupon the following order was passed April 19, 1892,

Per Curiam. A motion to dismiss the appeal herein having been made by the respondent upon various grounds, upon consideration thereof, it is ordered, that the said motion be refused.